1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  LINA PENG (NYBN 5150032)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7224
7       FAX: (415) 436-7027
        Lina.Peng@usdoj.gov
8
   Attorneys for United States of America
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,              ) CASE NO.: 20-CR-0038 WHO
14                                         )
           Plaintiff,                      ) [PROPOSED] ORDER
15                                         ) DETAINING DEFENDANT PRIOR TO TRIAL
       v.                                  )
16                                         )
   PAUL MARSHALL BODNER,                   )
17                                         )
           Defendant.                      )
18 ─────────────────────────────────────── )

19       On January 30, 2020, an Indictment was filed in the Northern District of California charging the

20 defendant, Paul Marshall Bodner, with three counts of violating Title 18, United States Code, Section

21 2423(b) – Travel With Intent to Engage in Illicit Sexual Conduct and one count of violating Title 18,

22 United States code, Section 2423(c) – Engaging in Illicit Sexual Conduct in Foreign Places. Defendant

23 made his initial appearance and was arraigned on his Indictment in the Northern District of California on

24 February 13, 2020, and the Court held a detention hearing on February 27, 2020.

25       At the detention hearing, the defendant was present and represented by his attorney, John

26 Runfola. A United States Pretrial Services Agency Officer was also present at the hearing. Pretrial

27 Services submitted a report, which recommended release with certain conditions. The government

28 moved for detention, and the defendant opposed. The parties submitted proffers and arguments.

The government proffered that, among other things, the defendant, previously employed as a substitute teacher in San Francisco, has demonstrated a pattern over time of inappropriate contact with children, dating back to as early as 2003 and continuing to the charges in the Indictment, which alleges that he repeatedly flew to Vietnam to engage in sexual contacts with children. The defendant, after he became aware a federal investigation had begun into him in late 2016, attempted to tamper with witnesses and/or victims with the intention of obstructing the investigation and continued to have contact with witnesses and/or victims up until the few days prior to his arrest. For instance, the defendant attempted to change the birth date on the official identification of one minor victim to make the minor victim appear to be older than he actually was, and also instructed several victims to mislead law enforcement when questioned.

The defense proposed a $100,000 bond secured by a property owned by one of the defendant's sisters, and other conditions such as limiting the defendant's access to the internet. The defense also proffered that the defendant voluntarily met with law enforcement on several prior occasions.

Upon consideration of the court file and the parties' proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders the defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, including because of: (1) the nature and circumstances of the offenses charged, including that the defendant is charged with travelling to Vietnam with the intent to engage in illicit sexual conduct with minors; (2) the defendant's history and characteristics, including that the defendant had been a substitute school teacher and had engaged in alleged inappropriate relationships with children dating back to at least 2003; and (3) evidence of witness tampering as proffered by the government that cannot be mitigated by conditions.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

March 3, 2020

HON. JOSEPH SPERO
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
20-CR-0038 WHO